### 11667. YOUNG *v.* THE STATE.

BROYLES, C. J. 1. "Where facts can be ascertained only by an examination of a large number of details on books of account, it is permissible for an expert accountant, who has made an examination of the books and figures, to testify as a witness and to give a summarized statement of what the books show, provided the books themselves are made accessible to the court and to the parties." *Spence* v. *State,* 20 *Ga. App.* 61 (11) (92 S. E. 555), and cit. In the instant case the record contains the following note of the trial judge: "The above and foregoing motion for a new trial read and considered, and the recitals of fact therein are approved as true, subject to this statement that on the making of the objections set out in grounds 1 and 2 of the amended motion the trial was suspended and the entire series of books and records were brought into court and then made accessible to the court and parties." Under this note of the judge and the other facts of the case, the 1st and 2d special grounds of the motion for a new trial are without merit.

2. In the light of the entire charge of the court and of the facts of the case, the court did not err in refusing the several requests to charge, as complained of.

3. The verdict was authorized by the evidence and has the approval of the trial judge; no error of law is shown, and the judgment of the court below is

*Affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED JULY 28, 1920.

Indictment for embezzlement; from Wilkes superior court — Judge Walker. June 1, 1920.

Young was convicted under an indictment which charged him with embezzlement of money of the County of Wilkes, to the

amount of $642.67, coming into his hands as clerk of the board
of commissioners of roads and revenues of the county.    From
the evidence it appears that when about to resign his place as
clerk of the board he requested the chairman of the board to
sign a check payable 'to his (Young's) order, and blank as to
amount, on which were written the words, "Final settlement with
the county," and which was drawn on a bank that had funds of
the county on deposit in the name of the chairman of the board;
that the chairman signed the check as requested, with the under-
standing that the amount due Young was to be written into it
by Young, who said that it would take him "some little time to
figure it out;" that Young wrote into it the amount of $642.67,
indorsed the check, collected the money on it, and used the money
for himself; and that when the check was drawn and when it was
paid the county owed him nothing.

Paragraph 1 of the decision relates to testimony of S. H. Everett,
who testified that he was "an auditor, a practising accountant,"
and had audited the books of the County of Wilkes and of the
bank referred to above, and had examined and checked up the
accounts of Young as clerk of the board of county commissioners.
He testified that from an examination of these books, "this check
for $642.76 never did go to the credit of the county." The wit-
ness then added the following testimony, which was admitted
over the objection of the defendant: "Let me modify that just
a little. We did not have to take all of the books. Some of the
records were necessary to make a reconcilement. Mr. Young kept
all the records; they are in his handwriting. With reference to
the clerk's salary, I found that he was paid every month. I found
from an examination that in place of what we call 'petty cash'
he apparently advanced some money himself, some little cash
items. For these small cash items I find that he received a check
regularly every month. If he failed at any time to reimburse
himself for these little items, I failed to find it. I am making
my statement from the summary itself. He was short with the
county $3,548.63 exclusive of this check here." The court ad-
mitted also over objection the following testimony of this wit-
ness: "Mr. Young kept those books. I have found from them
what amount he collected, and I found the amount that went
to the credit of the county. He did not account for all the money

that came into his hands. He failed to account for $4,191.30, including the check for $642.67. Those are the correct figures as shown by his books." The grounds of objection to these parts of the testimony, as set out in the 1st and 2d special grounds of the motion for a new trial, were: that the records required by law to be kept in the office of the clerk of the commissioners of roads and revenues were public documents, and their contents could be proved only by certified copies; that such of the records referred to by the witness as were not required by law to be kept in that office were private writings, and were themselves the highest and best evidence of their contents; that the testimony offered was a mere conclusion of the witness, and was not as to a matter of science or skill about which the witness could testify as an expert; and that no foundation had been laid for his testimony by offering in evidence the books themselves.

*Colley & Colley, H. E. Combs, W. A. Slaton*, for plaintiff in error.

*R. C. Norman*, solicitor-general, *William Wynne*, contra.